UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN SZASZ, individually,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; CORRECTIONAL HEALTHCARE PARTNERS, INC.; ARIM LEE; DR. MONTGOMERY; DR. NAS RAFI; JONATHAN SYMMONDS; SERINA HOOD; DR. JOSEPH MOLINA; DR. DAVID CHRISTENSEN; DEPUTY FARHA; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 22-cv-1054-BTM-MMP<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>**[ECF NOS. 12, 13, 21, & 22]** |

Pending before the Court are four motions to dismiss Plaintiff Brian Szasz's Amended Complaint. (ECF Nos. 12, 13, 21, & 22). For the reasons discussed below, the motions will be granted in part and denied in part.

## BACKGROUND

Plaintiff filed his Amended complaint on October 14, 2022. (ECF No. 10). In his Amended Complaint, Plaintiff alleged the following facts. Plaintiff was detained at the Vista Detention Facility (VDF) on stalking charges in June 2021. (Id. at ¶3).

1

Plaintiff informed the staff at VDF that he suffers from Type 1 diabetes and diabetic retinopathy. (Id. at ¶4). During an evaluation with Defendant Arim Jayne Lee, Plaintiff informed her that he needed an ophthalmology consultation immediately, as he required laser treatments to prevent him from going blind. (Id. at ¶5). Plaintiff's diabetes was not properly treated at VDF. (Id. at ¶¶ 5-6).

Plaintiff noticed an inmate acting bizarrely and aggressively and told a housing deputy that he did not want to be housed with the inmate. (Id. at ¶7). Despite being aware that this inmate was aggressive and unstable, the deputies housed that inmate with Plaintiff. (Id. at ¶7-8). On July 2, 2021, the inmate attacked and bit Plaintiff, who suffered numerous injuries as a result. (Id. at ¶8). Plaintiff was taken to a medical center and was seen by Defendant Jonathan Symmonds, who failed to properly treat or evaluate Plaintiff's injuries. (Id. at ¶9). Plaintiff was then seen by Defendant Dr. Nas Rafi, who failed to properly treat Plaintiff's injuries, which included an open wound on his hand. (Id. at ¶10).

Plaintiff contracted an infection in his hand because the wound was not properly treated. (Id. at ¶13). Plaintiff had hand surgery at Tri-City Medical Center. (Id.). When he was sent back to VDF with medical instructions, those instructions were not followed by the VDF staff. (Id. at ¶14-16). Plaintiff's retinopathy was not treated. (Id. at ¶15-16). Plaintiff received the wrong insulin doses. (Id. at ¶16).

Plaintiff ultimately obtained a court order for retinopathy treatment. (Id. at ¶23). But Plaintiff's eyes were still not properly treated, as he only received one treatment on one eye. (Id. at ¶25). Plaintiff's vision has deteriorated as a result. (Id.). VDF staff also did not treat the post-surgical wound on Plaintiff's hand, which deteriorated as a result. (Id. at ¶27-29).

Plaintiff needed and underwent another surgical procedure to his hand because of the inadequacy of the medical treatment at VDF. (Id. at ¶29). A doctor at Tri-City told Plaintiff that he would need oversight for two or three weeks to monitor the wound, but Plaintiff was removed to VDF. (Id.). Plaintiff now has no movement in

his right thumb and suffers from severe pain, causing him depression. (Id. at ¶30). Based on the inadequate medical care at VDF, Plaintiff now suffers from irreparable blindness. (Id. at ¶31).

Plaintiff has asserted claims (1) under 42 U.S.C. Section 1983 for violation of his Fourteenth Amendment rights; (2) under Section 1983 for violations of the Americans with Disabilities Act (ADA), the Rehabilitation Act (RA), the Unruh Act, and California Government Code Claim Section 11135; (3) under the Federal and California Constitutions for failure to provide adequate medical care and training; (4) for negligence; (5) for intentional infliction of emotional distress; and (6) for battery.

On November 2, 2022, Defendants County of San Diego, Dr. Montgomery, Serina Rognlien-Hood and Jonathan Symmonds filed a motion to dismiss. (ECF No. 12). On November 3, 2022, Defendants Correctional Healthcare Partners, Inc. (CHP, Inc.), Dr. Nas Rafi, and Arim Lee filed a motion to dismiss. (ECF No. 13). On December 30, 2022, Defendants Dr. Joseph Molina and Dr. David Christensen filed a motion to dismiss. (ECF No. 21). On January 3, 2023, Defendant Deputy Farha filed a motion to dismiss and a request for judicial notice. (ECF No. 22).

## MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 8, each pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief" and must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

A complaint may survive a motion to dismiss only if it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

at 663.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  In reviewing a Rule 12(b)(6) motion, the Court accepts as true all facts alleged in the complaint and draws all reasonable inferences in favor of the plaintiff.  *al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

When a motion to dismiss is granted, "[l]eave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts.'" *Velez v. Cloghan Concepts LLC*, 387 F. Supp. 3d 1072, 1078 (S.D. Cal. 2019) (quoting *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)).  When assessing whether leave to amend should be granted, district courts should consider "four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

## DISCUSSION

### 1. Plaintiff's First Cause of Action

Plaintiff's first cause of action for violation of his Fourteenth Amendment rights was asserted against Defendants Lee, Dr. Montgomery, Nurse Symmonds, Dr. Rafi, Dr. Molina, Dr. Christensen, Rognlien-Hood, Deputy Farha, and DOES 1-10. There are four "elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment." *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).  The four elements are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.  *Id.*

       The Court has studied the Amended Complaint and holds that the facts as alleged and the reasonable inferences therefrom state a plausible Fourteenth Amendment claim under *Gordon* against defendants Rognlien-Hood, Symmonds, Dr. Raffi, Dr. Molina, Dr. Christensen and Deputy Farha.

       However, the Court is inclined to dismiss Plaintiff's first cause of action against Defendants Dr. Montgomery and Lee. As to Defendants Dr. Montgomery and Lee, the Amended Complaint consists of "[t]hreadbare recitals of the elements of [the] cause of action, supported by mere conclusory statements." *See Iqbal*, 556 U.S. at 678. That "do[es] not suffice" under *Iqbal*. In fact, in in the Amended Complaint, Plaintiff essentially acknowledges that he does not know what Defendants Dr. Montgomery and nurse Lee failed to do that caused Plaintiff's damage. The Court will dismiss the first cause of action against them. However, Plaintiff is granted leave to amend under *Owens*, 244 F.3d at 712.

       Deputy Farha has requested that the Court take judicial notice of a state court document showing that Plaintiff pleaded guilty on September 27, 2021. Deputy Farha argues that the facts alleged against him occurred after that date, when Plaintiff was no longer a pretrial detainee. However, it is not clear from the Amended Complaint that Plaintiff was not a pretrial detainee when Deputy Farha allegedly threw away Plaintiff's exercise ball and compression sleeve. Nevertheless, the Amended Complaint states a plausible claim against Deputy Farha under both the Eighth and Fourteenth Amendments. Therefore, it is unnecessary to take judicial notice. Plaintiff shall clarify in his second amended complaint whether he was a pretrial detainee when these actions occurred. *See Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (concluding that a plaintiff who had been convicted but not sentenced should be treated as a convict instead of a pretrial detainee when analyzing his liberty interest).

       **2. Plaintiff's Second Cause of Action**

       The claims asserted in Plaintiff's second cause of action cannot be brought under Section 1983. *See Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002)

(holding "that a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in her individual capacity to vindicate rights created by Title II of the ADA or section 504 of the R[A]"). Based on *Vinson*, Plaintiff cannot assert ADA or RA claims under Section 1983. *See id.* However, Plaintiff alleges that he was placed in disciplinary housing for his complaints and that he was denied recreation and showers. But Plaintiff does not allege who is responsible for those actions. Plaintiff is granted leave to amend to assert claims under the ADA and the RA, but he cannot assert such claims under Section 1983.

### 3. Plaintiff's Third Cause of Action

Plaintiff's third cause of action is a claim against the County and CHP, Inc. for "Failure to Provide Adequate Medical Care and Training." According to Plaintiff, his injuries were caused by the County's and CHP, Inc.'s inadequate policies regarding medical care.

The County may be sued under Section 1983 to the extent it had a policy, law, or custom that (1) deprived Plaintiff of a constitutional right and (2) amounted to deliberate indifference of that right. *Monell v. Department of Soc. Servs. of New York*, 436 U.S. 658, 690-91 (1978); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). A plaintiff may bring a failure-to-train or failure-to-staff claim under *Monell* but must prove (1) deliberate indifference and (2) causation. *See Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022).

To support this claim, Plaintiff points to (1) an April 2018 report by Disability Rights California claiming that County jails are understaffed; (2) a report by the California State Auditor critical of the Sherriff's Department and claiming that the Department was responsible for deaths in County jails; (3) a February 2022 class action complaint claiming that the County and CHP, Inc. maintain inadequate practices and policies; and (4) two instances where inmates with diabetes died in jail. (ECF No. 10 at 27-29).

The Amended Complaint does not support a claim against the County under

*Monell*. Plaintiff's allegations lack the necessary specificity to support a claim under *Monell*. Plaintiff does not indicate what the County's inadequate policies are, why or how the County's employees are inadequately trained, nor how the County's alleged understaffing caused Plaintiff's injures. To the contrary, the Amended Complaint provides that the County's jail was staffed and that the medical staff was aware of his conditions, but that the staff simply did not treat his conditions. Plaintiff does not adequately allege how the County's policies or staffing practices caused his injuries.

Plaintiff has alleged generally that other groups or individuals are highly critical of the medical care in County jails, but that is insufficient to plausibly allege that the County's policies or staffing practices caused his injuries and amounted to deliberate indifference of his constitutional rights. In essence, Plaintiff alleges that the medical treatment at County jails is inadequate, but that is insufficient to plausibly allege that the County was deliberately indifferent and that the County's policies or staffing practices caused Plaintiff's injuries. However, the Court will grant Plaintiff leave to amend under *Owens*, 244 F.3d at 712.

### 4. Plaintiff's Fourth Cause of Action

Plaintiff's fourth cause of action is for negligence against all Defendants. Only Defendants County of San Diego, Dr. Montgomery, Rognlien-Hood, and Symmonds have moved to dismiss this cause of action.

Plaintiff was required to provide a notice of his claim to the County before bringing suit. Cal. Gov. Code §§ 945.4 & 950.6. Plaintiff was also required to plead that he did so. *State of California v. Superior Court*, 90 P.3d 116, 119 (Cal. 2004) ("We conclude that failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action."). Plaintiff admits he did not do so. Plaintiff's negligence claim against the County, Dr. Montgomery, Rognlien-Hood, and Symmonds thus must be dismissed. However, Plaintiff will be granted leave to amend.

While the County argues that Plaintiff's claim is based on facts beyond the County's immunity under California Government Code Section 845.6, the County has not shown that dismissal of Plaintiff's claim at this stage is the appropriate remedy. Thus, the Court will decline to dismiss Plaintiff's claim on that basis. In addition, the County has not shown that Plaintiff will be unable to satisfy the standard for punitive damages. Thus, the Court declines to strike Plaintiff's request for punitive damages. And contrary to the defense arguments, California Civil Code 425.13 does not apply in federal court. *See generally Martin v. Pierce Cty.*, 34 F.4th 1125 (9th Cir. 2022) (holding that a "state law requiring a claimant to file a declaration declining to submit the case to arbitration when filing a medical malpractice suit" does not "apply in federal court").

### 5. Plaintiff's Fifth Cause of Action

Plaintiff's fifth cause of action is for intentional infliction of emotional distress (IIED) against Defendants Deputy Farha, DOE Deputy/Nurse Defendants 1-10, Dr. Rafi, Dr. Molina, Dr. Montgomery, Dr. Christensen, San Diego County and CHP, Inc. There are three elements of a IIED claim in California: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Lawler v. Montblanc N. Am., LLC*, 704 F.3d 1235, 1245 (9th Cir. 2013) (citation omitted).

Because Plaintiff has agreed to dismiss this claim against Deputy Farha, the Court will grant Deputy Farha's motion on this basis. In any event, the Court will dismiss this claim because Plaintiff failed to plead that he filed a notice of his claim. *See State of California*, 90 P.3d at 119. The Court will also dismiss this claim against Dr. Montgomery because the factual allegations in the Amended Complaint fail to specifically detail what Dr. Montgomery did and thus fail to plausibly support a claim for IIED. However, Plaintiff will be granted leave to amend.

# CONCLUSION

For the reasons stated, the motions to dismiss are **granted in part and denied in part**. (ECF Nos. 12, 13, 21, & 22). Plaintiff's first cause of action against Defendants Dr. Montgomery and intake nurse Lee is dismissed with leave to amend. Plaintiff's second, third, fourth, and fifth causes of action are dismissed with leave to amend.

Plaintiff may file a second amended complaint within thirty (30) days of the filing of this order. Plaintiff shall comply with Civil Local Rule 15.1(c) and provide a redlined version showing the deletions and additions. Once a Second Amended Complaint is filed, the time to answer or otherwise respond is stayed and the defendants shall not file further motions to dismiss, but shall within fourteen (14) days of the filing of the Second Amended Complaint file a statement, no longer than seven (7) pages, of the deficiencies in the Second Amended Complaint upon which they wish to make a motion to dismiss. The Plaintiff may file a seven (7) page response to each defendant's statement within fourteen (14) days of the filing of the defendants' statements.

As soon as possible, the Court will hold an in person hearing to decide what motions need to be briefed. The Court is employing this procedure to avoid several rounds of motions to dismiss. The Court strongly encourages the defendants to consolidate their responses as much as possible. The parties are not to relitigate the holdings in this opinion.

**IT IS SO ORDERED**.

Dated: September 13, 2023

Honorable Barry Ted Moskowitz
United States District Judge